IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| E.J. BRENEMAN, LP | : | CIVIL ACTION |
| | : | |
| v. | : | No. 10-6922 |
| | : | |
| ROAD SCIENCE LLC | : | |

### MEMORANDUM

**Juan R. Sánchez, J.**                                                                         February 9, 2012

      Plaintiff E.J. Breneman, LP (EJB), a road paving and construction contractor, brings suit against Road Science, LLC (Road Science) seeking a declaration of patent non-infringement, a declaration of patent invalidity, and damages for unfair competition pursuant to the Lanham Act. At the time suit was filed, Road Science was the owner of U.S. Patent No. 7,802,941 ('941 Patent), the patent at issue here, which relates to road paving technology. Pursuant to Federal Rule of Civil Procedure 12(b)(1), Road Science seeks dismissal of the declaratory judgment claims brought against it for non-infringement and patent invalidity (Counts I and II of the Amended Complaint, respectively). Road Science asserts it no longer has any right, title, or interest in the '941 Patent and, as a result, an actual case or controversy between EJB and Road Science no longer exists within the meaning of the Declaratory Judgment Act (DJA), 28 U.S.C. § 2201. Consequently, Road Science contends this Court lacks subject matter jurisdiction. For the reasons set forth below, Road Science's motion to dismiss will be granted.

      A Rule 12(b)(1) motion, which challenges the court's subject matter jurisdiction, may be brought as a facial or factual challenge. *Knauss v. U.S. Dep't of Justice*, No. 10-2636, 2012 WL 176685, at *1 (E.D. Pa. Jan. 20, 2012). A facial challenge attacks the complaint on its face, and the court must only consider the allegations of the complaint and documents referenced therein. *Gould*

*Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). By contrast, when a factual challenge is brought, as is the case here, the court may consider evidence outside the pleadings. *Id*.

The DJA provides, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The controversy must be appropriate for judicial determination, and not merely a hypothetical dispute; it must be "definite and concrete, touching the legal relations of parties having adverse legal interests." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 240-41 (1937)). Essentially, the facts alleged must show "there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id*. (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). To assist in determining whether an actual case or controversy exists, a court should inquire as to what, if any, cause of action the declaratory judgment defendant may have against the declaratory judgment plaintiff. *See Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007); *see also Fina Research, S.A. v. Baroid Ltd.*, 141 F.3d 1479, 1481-85 (Fed. Cir. 1998) (noting a "controversy" supporting declaratory judgment jurisdiction does not exist in a suit alleging non-infringement and patent invalidity against a party who cannot sue for infringement). The burden is on the party claiming declaratory judgment jurisdiction—here, EJB—to establish that such jurisdiction existed at the time suit was filed and has continued since. *Benitec*, 495 F.3d at 1344-45 (explaining an actual controversy must exist at all stages of the litigation, not merely at the time the complaint was filed).

Here, EJB has not met its burden of establishing an actual case or controversy continues to

exist between it and Road Science. On November 29, 2010, EJB instituted this lawsuit against Road Science. On August 25, 2011, in an arms-length transaction for good and valuable consideration, Road Science sold substantially all of its assets to Arr-Maz Products, L.P. (Arr-Maz), a nonparty to this lawsuit, pursuant to an Asset Purchase Agreement (APA) and Patent Assignment agreement. In the Amended Patent Assignment agreement, Road Science assigned, transferred, and conveyed to Arr-Maz all of its "rights, title and interest in the Assigned ['941] Patent, and any letters patent which may hereafter be granted with respect to same . . . including the right to sue for and recover any damages for past infringement . . . and to sue for and recover present and future damages for any present or future infringement of the Assigned ['941] Patent." More recently, Road Science advised the Court it has offered to provide a covenant not to sue EJB for past, present, or future infringement of the '941 Patent. Def.'s Resp. to Pl.'s Mot. to Join Arr-Maz 6.

Notwithstanding these developments, EJB argues a controversy continues to exist between the parties because Federal Rule of Civil Procedure 25(c) authorizes an action to continue against the original party even after a transfer of interest. Rule 25(c) states, "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Rule 25 is a procedural rule only; it does not affect a party's substantive rights. Thus, Rule 25 "does not determine what actions survive a transfer of interest, it only governs 'the mechanics of substitution in an action which does not survive under applicable substantive law.'" *Commerce Bancorp, LLC v. Hill*, No. 08-5628, 2010 WL 2545166, at *7 (D.N.J. June 18, 2010) (citations omitted); *Gen'l Battery Corp. v. Globe-Union, Inc.*, 100 F.R.D. 258, 261 (D. Del. 1982). Here, Rule 25 cannot be invoked to preserve declaratory judgment jurisdiction over EJB's claims against Road Science. The cases relied

upon by EJB do not mandate a contrary result.

In *General Battery Corp. v. Globe-Union, Inc.*, the court—facing a much different scenario than here—considered the impact of a temporary loss of standing, and held such lapse did not divest the court of jurisdiction where the transfer of ownership was between a parent corporation and its wholly owned subsidiary. 100 F.R.D. 258. The plaintiff filed a declaratory judgment action for non-infringement and patent invalidity against Globe-Union Inc. (Globe I), and Globe I counterclaimed for patent infringement. During the course of the litigation, Globe I merged into its subsidiary, Johnson Controls, Inc. (Globe II), transferring its entire right, title, and interest in the subject patents to Globe II. Globe II then changed its name to Globe-Union Inc. (Globe III) and transferred its entire right, title, and interest in the subject patents to Globe III, including the right to sue for past infringement of patents owned by Globe I and Globe II. All transfers were between the corporate parent and its subsidiaries. As a result of the transfers, Globe I filed a motion pursuant to Rule 25(c) to change the name of the original defendant to Johnson Controls, Inc., and also to add Globe III as a defendant and counterclaim plaintiff. In response, the plaintiff filed a motion to dismiss defendant's patent infringement claim for lack of standing, alleging Globe I forfeited its interest in the litigation through its assignment of the subject patents and, therefore, a case or controversy between the parties no longer existed. Moreover, the plaintiff argued since Rule 25 is a procedural rule, it cannot be employed substantively to maintain jurisdiction.

Noting Rule 25(a) exists to permit an action to proceed where a party dies but the action survives, the court held Rule 25(c) should operate in the same manner so as to allow a court to preside over a matter where the action survives but the interest is transferred. 100 F.R.D. at 262-63. Consequently, the court held that subject matter jurisdiction remained because "only ownership of

the chose in action was transferred." *Id*. at 262-63 (clarifying that Globe III, as assignee of the infringement claim asserted by Globe I against the plaintiff, was the proper party to proceed against the plaintiff because "Globe III's claim is Globe I's claim"). Thus, because of the counterclaim asserted by Globe I for patent infringement, a case or controversy continued to exist. *Id*.

Here, Road Science and Arr-Maz do not share the same claim, as in *General Battery*, because Road Science and Arr-Maz are entirely separate and distinct entities. In fact, any case or controversy between the parties as contemplated by Article III ceased to survive after the sale of Road Science's assets to nonparty Arr-Maz. As EJB stated in its response, "[t]he [DJA] allows a suit against a *patent owner* for a declaratory judgment of a patent's invalidity or unenforceability or for a finding of noninfringement." Pl's. Resp. 6 (emphasis added) (citing *Fina Research*, 141 F.3d at 1481-85). If, as is the case here, Road Science is no longer the patent owner, according to EJB's own words, a declaratory judgment action cannot be maintained against it. *See Trend Micro Corp. v. Whitecell Software, Inc.*, No. 10-2248, 2010 WL 4722504, at *3 (N.D. Cal. Nov. 15, 2010) (*Trend I*) (explaining, "in the event that an interest is transferred in the midst of litigation, nothing in [Rule 25(c)] purports to preserve subject matter jurisdiction under the [DJA] or Article III where the transfer itself eliminates 'a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment'" (citing *MedImmune*, 549 U.S. at 127; 28 U.S.C. § 2201(a); U.S. CONST. art. III, § 2, cl. 1)).

EJB also relies on *Brown v. Myerberg*, 314 F. Supp. 939 (S.D.N.Y. 1970). Although the court in *Brown* was confronted with a similar fact pattern as here—a declaratory judgment action for patent non-infringement and patent invalidity where the patent had been assigned by the defendant to a nonparty mid-litigation—the *Brown* court merely cited to Rule 25(c) when it found

it retained declaratory judgment jurisdiction even after the defendant had transferred all its rights, title, and interest in the subject patent without explaining how this procedural rule operated to retain the court's jurisdiction. *Id.* at 941. Moreover, there is no mention of the DJA or its case or controversy parameters. Consequently, *Brown* does not provide any meaningful support for EJB's contention that a case or controversy continues to exist between it and Road Science.

This Court finds the facts in the instant matter are more in line with the *Trend* cases, in which the court ultimately granted the defendant's motion to dismiss after ordering jurisdictional discovery. *Trend Micro Corp. v. Whitecell Software, Inc.*, No. 10-2248, 2011 WL 499951, at *5 (N.D. Cal. Feb. 8, 2011) (*Trend II*) (granting motion to dismiss after jurisdictional discovery foreclosed idea that patent assignment was improper or collusive, even convincing plaintiff that indeed no controversy existed between itself and defendant). In *Trend I*, the defendant, Whitecell, moved to dismiss plaintiff's claims for a declaration of non-infringement and patent invalidity for lack of subject matter jurisdiction based on the fact that it had assigned all of its rights, title, and interest in the subject patent to a nonparty after suit had been filed, thereby extinguishing any actual case or controversy between the parties. 2010 WL 4722504, at *3. The court noted Whitecell's argument had "clear merit," explaining, "[s]ince Whitecell supposedly assigned all of its right, title, and interest in the '744 patent—including its right to sue 'for past, present, and future patent infringement'—to a non-party entity, it can no longer sue [the plaintiff] for infringing the '744 patent." *Id.* (citing *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005)). Although the court denied the motion to dismiss pending jurisdictional discovery to determine whether the patent assignment was in fact proper and not collusive, the court noted Whitecell's assignment of its patent rights "[o]rdinarily . . . would be sufficient to eliminate any 'actual

6

controversy' as between the litigants and eliminate jurisdiction." *Id*. (indicating, were it convinced the patent assignment was proper and not collusive—a nonissue here—it would have granted Whitecell's motion to dismiss the first time) (citing *King Pharms., Inc. v. Eon Labs, Inc.*, 616 F.3d 1267, 1282-83 (Fed. Cir. 2010)).

In relying on Rule 25, EJB argues the cases cited by Road Science in support of its motion, including the *Trend* cases, are inapplicable because the defendant patentee in *Trend* transferred its interest to a third party, "but did not merge with, become acquired by, or otherwise combine with the third-party such that the third party essentially became the successor-in-interest." Pl.'s Resp. 10. By contrast, EJB maintains Road Science merged with Arr-Maz because, since the sale, Arr-Maz has used the Road Science name. EJB's position is incorrect. The purchase documents make clear that one of Road Science's assets sold to Arr-Maz was the Road Science name. As a result, Arr-Maz's use of the Road Science name is not evidence of a merger. Rather, the companies continue to operate as wholly separate and distinct entities, with Road Science operating under its new name, "Re$^2$CON, LLC." EJB's argument that the *Trend* cases do not apply, therefore, is misplaced.

EJB next argues that a case or controversy still exists between it and Road Science, even if Rule 25 is inapplicable, because Road Science maintains an interest in the '941 Patent. Pl.'s Resp. 12. Under section 2.8 of the APA, Road Science is entitled to receive "Performance Earnout" payments. These payments are based upon future sales of certain Road Science products, which may include licensing fees under the '941 Patent. Road Science is also entitled to "Litigation Earnout" payments under the same section of the APA if any currently pending lawsuits in which Road Science is a party settle. (There are currently four such lawsuits, each of which is specifically delineated in the APA). EJB asserts the "Performance Earnout" provision establishes Road Science

retains a substantial interest in the '941 Patent. With respect to the "Litigation Earnout" section, EJB asserts it provides Road Science with "veto power" over the settlement of the pending lawsuits if settlement is below the "Minimum Cash Settlement Terms" as set forth in Schedule 2.8(b)(ii) (not produced in this litigation), and argues this is "conclusive evidence that Road Science intends to file a claim for patent infringement, or, at a minimum, reserves the right to do so." Pl.'s Resp. 14.

An assignment in which a patentee retains the right to receive damages from infringement litigation is nevertheless a transfer of all substantial rights to a patent. *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*, 944 F. 2d 870, 875 (Fed. Cir. 1991) (explaining the right to receive infringement damages was merely a means of compensation under the agreement); *see also Rude v. Westcott*, 130 U.S. 152, 162-63 (1889) (holding retention of portion of sales, royalties, or settlements, or other sources, does not limit the assignment of the patent). In *Vaupel*, the plaintiff had been transferred all rights to a patent, including the right to make, have, use, sell, lease, rebuild, and sue for patent infringement. *Vaupel*, 944 F.2d at 874-75. The court held the right to sue for infringement was "particularly dispositive" in concluding the plaintiff held all substantial rights. *Id*. at 875. Regardless of whether Road Science retains rights to additional compensation through "Performance Earnout" payments and "Litigation Earnout" payments, Road Science transferred any rights it had to sue for infringement. As a result, Road Science lost standing to bring suit for patent infringement against EJB, and neither clause in the APA can operate to restore such right or standing. For these reasons, EJB's second argument fails.

Finally, EJB argues Road Science has obstructed discovery of the facts and circumstances surrounding its purported sale of assets to Arr-Maz, preventing EJB from evaluating the sale. This Court disagrees. The purchase documents that have been produced show Road Science assigned all

of its substantial rights, title, and interest in the '941 Patent to Arr-Maz. For example, the APA transferred certain intellectual property rights to Arr-Maz, including "all patents"; "all Claims, causes of action, rights and remedies . . . including Claims, causes of action, rights and remedies for past infringement"; and even the "Road Science" name. Claims arising specifically in connection with this lawsuit were also transferred to Arr-Maz as part of Road Science's assets. While it is true that Road Science did not produce every schedule attached to its APA in discovery due to the confidential nature of some of the documents, it is frankly unclear to this Court why the particular materials withheld are necessary for EJB to evaluate whether a sale in fact occurred. It is this Court's understanding that the withheld materials contain financial payout information, the precise figures of which are tangential to the issues before the Court. Moreover, Road Science has repeatedly represented in its papers to this Court that such sale occurred, in which the '941 Patent was merely a small component of the entire sale; that the sale was a negotiated, arms-length transaction made for good and valuable consideration; and that the sale was not made for the purpose of avoiding the jurisdiction of this Court. Finally, Road Science has even offered to provide EJB a covenant not to sue, which EJB admits "would end this controversy." Pl.'s Reply Br. in Support of its Mot. to Join Arr-Maz 4. Such covenant would definitively remove any case or controversy that may have existed between the parties. In addition, it would resolve any concern that the patent assignment was merely a tactic to avoid litigation, and that the sale would simply be reversed and the patent re-assigned to Road Science after the case was dismissed.

  Accordingly, Counts I and II of EJB's Amended Complaint are dismissed. An appropriate order follows.

BY THE COURT:


   /s/ Juan R. Sánchez
Juan R. Sánchez, J.